UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JARED L. HAYNES, SR.,

    Plaintiff,

    v.　　　　　　　　　　　　　　　　CAUSE NO. 1:20-CV-368-WCL-SLC

KAREN E. RICHARDS, et al.,

    Defendants.

OPINION AND ORDER

Jared L. Haynes, Sr., a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The complaint is somewhat difficult to parse, but it can be discerned from the complaint and attachments, as well as public court records, that Mr. Haynes was convicted of rape in Allen County in 2018, for which he is serving a 40-year sentence.[1] *See Haynes v. State*, 126 N.E.3d 67 (Table), 2019 WL 2220513 (Ind. Ct. App. 2019). He sues the prosecutors, his attorneys, the trial judge, and others involved in the case, claiming wrongful conviction, malicious prosecution, and related claims. He alleges that he is innocent and seeks monetary damages, among other relief.

---

[1] The court can consider public records in determining whether the complaint states a claim for relief. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

Upon review, Mr. Haynes fails to state a claim for relief. To the extent he is seeking release from custody based on his alleged innocence, he cannot do so in this civil rights action. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Instead, his sole remedy lies in habeas corpus. *Id.* Nor can he pursue claims for money damages for wrongful conviction or malicious prosecution, because such claims rest on a presumption that his conviction is invalid.[2] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). These claims cannot be brought unless and until his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. These claims must be dismissed without prejudice. *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

For these reasons, the court DISMISSES this action without prejudice pursuant to 28 U.S.C. § 1915A, and DIRECTS the clerk to close this case.

SO ORDERED on November 17, 2020.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT

---

[2] To the extent Mr. Haynes is trying to initiate federal criminal charges against the defendants, he has no authority to do so as a private citizen. *See United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General.").